UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-59731-PMB |
| | : | |
| GLENN JEFFREY DACRUZ, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee, | : | |
| | : | |
| Objector/Movant, | : | |
| | : | |
| vs. | : | CONTESTED MATTER |
| | : | |
| GLENN JEFFREY DACRUZ, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**OBJECTION TO CLAIMED EXEMPTIONS**

COMES NOW S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Glenn Jeffrey DaCruz (the "**Estate**"), and files this *Objection to Claimed Exemptions* ("**Objection**"), and respectfully shows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

**Background**

2. Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on December 1, 2022 (the "**Petition Date**"). The Case has since

converted to Chapter 7, and Trustee serves in the role as Chapter 7 trustee.

3. Trustee conducted and concluded the Chapter 7 meeting of creditors under 11 U.S.C. § 341(a) on March 21, 2023.

## Exemptions Claimed

4. Contemporaneous with the filing of this Case, Debtor filed his schedules of assets and liabilities (the **"Schedules"**) along with his bankruptcy petition and statement of financial affairs. *See* [Doc. No. 1].

5. On his bankruptcy petition, Debtor stated that he lives at 2108 Woodrion Drive, Duluth, Fulton County, Georgia. [Doc. No. 1, page 2 of 60].

6. And, on his *Schedule J: Your Expenses* (**"Schedule J"**), Debtor stated that he has no dependents. [Doc. No. 1, page 35 of 60]. More particularly, he completed the relevant section of his Schedule J, as follows:

| 2. Do you have dependents? | ■ No |
| --- | --- |

| Do not list Debtor 1 and Debtor 2. Do not state the dependents names. | ☐ Yes. Fill out this information for each dependent............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
| --- | --- | --- | --- | --- |
| | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |

7. On his 2021 form 1040 filed with the Internal Revenue Service, Debtor stated that he had no dependents.

8. And, upon information and belief, he owes a significant amount in past due child support. *See* [Proof of Claim No. 9-1] (showing that Debtor owes $33,798.15 for unpaid child support).

9. On his *Schedule A/B: Property* ("**Schedule A/B**") [Doc. No. 1, page 15 of 60], Debtor scheduled an ownership interest in a certain real property commonly known as 3679 Seton Hall Way, Decatur, Georgia 30034 (the "**Property**").

10. On his *Schedule C: The Property You Claim Exempt* ("**Schedule C**"), Debtor scheduled total exemptions in the Property of $21,500.00 under O.C.G.A. § 44-13-100(a)(1) (the "**Homestead Property Exemption**"). [Doc. No. 1, page 20 of 60].

### Trustee's Objections to Claimed Exemptions

11. Under O.C.G.A. § 44-13-100(b), the State of Georgia has opted out of the federal exemption scheme and follows its own state-provided exemptions as set forth in O.C.G.A. § 44-13-100(a). O.C.G.A. § 44-13-100(b).

12. Under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, a Trustee and other parties have thirty (30) days from the conclusion of the Meeting of Creditors or within thirty (30) days after any amendment to the list or supplemental schedules is filed, whichever is later, to file any objection to exemptions (the "**Objection Period**"). Fed. R. Bankr. P. 4003.

13. This Objection is timely filed within the Objection Period.

14. Under O.C.G.A. § 44-13-100(a)(1), a debtor may exempt his aggregate interest, not to exceed $21,500.00 in value, in real property that the "debtor or a dependent of the debtor uses as a residence . . . ." (the "**Homestead Exemption**"). O.C.G.A. § 44-13-100(a)(1).

15. Under O.C.G.A. § 44-13-100(a)(6), a debtor may exempt his aggregate interest, not to exceed $1,200.00 in value plus any unused amount of the Homestead Exemption up to $10,000.00 in any asset. O.C.G.A. § 44-13-100(a)(6).

16. Debtor does not live at the Property. And, based upon the information contained in Debtor's Schedule J and his 2021 tax return stating that he has no dependents, none of his

dependents live at the Property either. As a result, he is not permitted to claim an exemption in the Property using the Homestead Exemption, and the Homestead Property Exemption is improperly claimed.

17. For the foregoing reasons, Trustee objects to the Homestead Property Exemption, and Trustee requests that it be disallowed.

18. Trustee objects to all other exemptions claimed to the extent that they exceed the allowable exemptions under O.C.G.A. §44-13-100(a), including the Other Wildcard Exemptions. Moreover, this Objection shall be a continuing objection in anticipation of any amendments that may or may not resolve this original Objection, without the need for filing new objections.

WHEREFORE, having filed this Objection, the Trustee prays that the Court sustain the Objection and that the Court grant Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of April, 2023.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
     Michael J. Bargar
     Georgia Bar No. 645709
     mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-59731-PMB |
| | : | |
| GLENN JEFFREY DACRUZ, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee, | : | |
| | : | |
| Objector/Movant, | : | |
| | : | |
| vs. | : | CONTESTED MATTER |
| | : | |
| GLENN JEFFREY DACRUZ, | : | |
| | : | |
| Respondent. | : | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that S. Gregory Hays, the Chapter 7 trustee (the "**Trustee**"), has filed an *Objection to Claimed Exemptions*.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the aforesaid *Objection to Claimed Exemptions* on June 26, 2023. The Court will hold an initial telephonic hearing for announcements on the *Objection to Claimed Exemptions* at the following number: 833-568-8864 US Toll-free Meeting ID: 161 706 9079 at 1:10 p.m. in Courtroom 1202, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information

Your rights may be affected by the Court's ruling on this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the Court to grant the relief sought in this pleading or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written

response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Suite 1340 Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the counsel for the Trustee, Michael J. Bargar, Rountree Leitman Klein & Geer LLC, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329.

Dated: April 20, 2023.

                                              ROUNTREE LEITMAN KLEIN & GEER, LLC
                                              *Attorneys for Trustee*

                                              By: */s/ Michael J. Bargar*
                                                  Michael J. Bargar

Century Plaza I                               Georgia Bar No. 645709
2987 Clairmont Road, Suite 350         mbargar@rlkglaw.com
Atlanta, Georgia 30329
404-410-1220

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing *Objection to Claimed Exemptions and Notice of Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Charles M. Clapp
charles@lawcmc.com
ecf@lawcmc.com
R47480@notify.bestcase.com

Laura A. Grifka
lgrifka@mtglaw.com
ecfnotifications@mtglaw.com

S. Gregory Hays
ghays@haysconsulting.net
saskue@haysconsulting.net
GA32@ecfcbis.com

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

Brian Widener
bwidener@albertellilaw.com

This is to further certify that I have this day served the *Objection to Claimed Exemptions and Notice of Hearing* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Glenn Jeffrey Dacruz
2108 Woodrion Drive
Duluth, GA 30097

This 20th day of April, 2023.

                                */s/ Michael J. Bargar*
                                Michael J. Bargar